**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

**TRINCY JOY and JOB GEORGE,**

**Plaintiffs,**

**-against-**

**JP MORGAN CHASE BANK, N.A.,**

**Defendant.**

-----------------------------------------------------------------x

**1:26-cv-04519**

**COMPLAINT**

The Plaintiffs, Trincy Joy and Job George ("Plaintiffs"), by and through their undersigned counsel, Mallon Consumer Law Group, PLLC, bring this action against Defendant JP Morgan Chase Bank, N.A. ("Chase" or "the Bank"), and allege the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant Chase for actual, statutory, and punitive damages, and for statutory attorney's fees and costs, pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and regulations promulgated pursuant thereto including, but not limited to, Regulation E, 62 F.R. 19669, and Regulation J (collectively, "Regulation E").

2. Defendant violated the EFTA and Regulation E by failing to timely investigate Plaintiffs' multiple disputes and reimburse Plaintiffs for the fraudulent unauthorized deposits and withdrawals, and by failing to provide Plaintiffs with the disclosures and notices required under the EFTA and Regulation E.

3. Plaintiffs also bring this action against Defendant for violation of NY Commercial Code section 4A-202 for sending unauthorized wire transfers on Plaintiffs' behalf.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

5. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

6. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Trincy Joy is a natural person and a resident of the State of New York, Richmond County. Plaintiff qualifies as a "consumer" within the meaning of the EFTA. *See* 15 U.S.C. § 1693a(6).

8. Plaintiff Job George is a natural person and a resident of the State of New York, Richmond County. Plaintiff qualifies as a "consumer" within the meaning of the EFTA. *See* 15 U.S.C. § 1693a(6).

9. Defendant JP Morgan Chase Bank, N.A., is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Defendant qualifies as a "financial institution" within the meaning of the EFTA. *See* 15 U.S.C. § 1693a(9).

## FACTUAL BACKGROUND

10. Plaintiffs have maintained joint checking and savings accounts with Defendant. Plaintiff Trincy Joy additionally had her own checking account and her own savings account with Defendant.

11. Between October 15, 2025, and October 30, 2025, a series of eleven substantial fraudulent withdrawals in the total of $209,330 were made from Plaintiff Trincy Joy's personal checking account to a Wells Fargo bank account without her consent or knowledge. Plaintiffs did not benefit in any manner from these fraudulent transfers.

12. The fraudulent transfers included the following transactions from Plaintiff Trincy Joy's personal Chase checking account to a Wells Fargo bank account, each including a $25.00 online domestic wire fee:

a. A $16,800 wire transfer on October 15, 2025;

b. A $19,700 wire transfer on October 16, 2025;

c. A $19,900 wire transfer on October 17, 2025;

d. An $18,220 wire transfer on October 21, 2025;

e. A $19,860 wire transfer on October 22, 2025;

f. An $18,680 wire transfer on October 23, 2025;

g. A $19,820 wire transfer on October 24, 2025;

h. A $19,050 wire transfer on October 27, 2025;

i. A $19,650 wire transfer on October 29, 2025;

j. A $19,950 wire transfer on October 30, 2025; and

k. A $17,700 wire transfer on October 30, 2025.

13. On or about October 27, 2025, Defendant's own internal fraud-monitoring system flagged Plaintiffs' joint checking account, into which their rental income was deposited, as subject to "potential compromise," and opened a replacement account. Defendant did not notify Plaintiffs of this flag or the replacement account.

14. The following day, on or about October 28, 2025, Defendant's internal systems similarly flagged Plaintiff Trincy Joy's personal checking account, the very account from which all eleven fraudulent wire transfers described above were being sent, as subject to "potential compromise," and opened a second replacement account. Despite having internally identified both accounts as compromised, Defendant took no action to restrict outgoing wire activity from Plaintiff Trincy Joy's personal checking account. Three of the eleven wire transfers, totaling $57,300, were processed and sent to the same Wells Fargo account *after* Defendant's own systems had flagged both accounts as compromised.

15. On or about October 29, 2025, after Defendant had already internally flagged both accounts, an unauthorized transfer of $60,000 was made out of Plaintiffs' joint checking account into Plaintiff Trincy Joy's personal checking account. Plaintiffs did not initiate or authorize this transfer. A portion of these funds was then used to fund the wire transfers sent out to the Wells Fargo account on October 29 and October 30, 2025.

16. At no point did Defendant notify Plaintiffs of the restrictions placed on their accounts, the internal compromise flags described above, or any of the wire transfers to the Wells Fargo account.

17. Plaintiff Trincy Joy was temporarily unable to log in to her Chase online account, and upon her successful login, discovered the fraudulent wire transfers. She called Chase Bank, who informed her that approximately $21,000 remained in the account. Plaintiffs informed the Chase representative that they were not responsible for the fraudulent wire transfers and traveled to Chase Bank to file the dispute in person on or about October 30, 2025. At this time, only ten of the eleven wire transfers had occurred.

18. Despite Plaintiffs having just notified Defendant that the wire transfers were fraudulent, Defendant still allowed the eleventh and final fraudulent wire transfer to go through before Plaintiffs' arrival at the bank, leaving the account with approximately $4,000.

19. Plaintiffs filed a police report regarding the stolen funds with Precinct 121 in Staten Island.

20. Defendant additionally allowed the thieves to change the address on file for Plaintiffs' account from 12 Tuttle Street, Staten Island, NY 10314 to 1291 Kendall Town Boulevard Unit 1210, Jacksonville, FL 32225. This address change went undetected and unverified notwithstanding the internal compromise flags placed on Plaintiffs' accounts just days earlier.

21. On January 12, 2026, more than seventy-five days after Plaintiffs' October 30, 2025 notice of error, Defendant issued its first and only written response, denying the claim on the ground that the transfers were confirmed via one-time passcodes sent to the telephone numbers on file for Plaintiffs. Plaintiffs dispute this. Neither plaintiff received any one-time passcode or two-factor authentication notification on their respective phone numbers in connection with any of the eleven wire transfers.

22. At no point prior to January 12, 2026 did Defendant provide Plaintiffs with any written explanation of findings, any documents relied upon, or notice of Plaintiffs' right to request such documents. Defendant never provisionally recredited Plaintiffs' accounts at any point during the pendency of its investigation and has not reimbursed Plaintiffs for any portion of the unauthorized transfers.

## **FIRST CAUSE OF ACTION**
## VIOLATION OF THE EFTA

23. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

24. Plaintiffs qualify as "consumers" within the meaning of the EFTA, 15 U.S.C. § 1693a(6).

25. Defendant qualifies as a "financial institution" within the meaning of the EFTA, 15 U.S.C. § 1693a(9).

26. The subject personal and joint Chase checking accounts qualify as "accounts" within the meaning of the EFTA, 15 U.S.C. § 1693a(2).

27. The aforementioned fraudulent activities qualify as "unauthorized electronic fund transfers" within the meaning of the EFTA, 15 U.S.C. § 1693a(12).

28. Defendant violated 15 U.S.C. § 1693 *et seq*., by the following acts or omissions:

a. Failing to perform a good faith investigation into Plaintiffs' dispute and to provide Plaintiffs with the results of the investigation within ten business days, in violation of 15 U.S.C. § 1693f(a);

b. Failing to correct the account errors created by the unauthorized electronic transfers from Plaintiff Trincy Joy's account, in violation of 15 U.S.C. § 1693f(b);

c. Failing to deliver or mail to Plaintiffs – within three business days following the conclusion of its investigation pursuant to 15 U.S.C. §§ 1693f(a) or (c) – an explanation of its findings, pursuant to 15 U.S.C. § 1693f(d);

d. Failing to deliver or mail to Plaintiffs reproductions of all documents which Defendant or its personnel relied upon to conclude that such error did not occur, as required by 15 U.S.C. § 1693f(d);

e. Failing to give Plaintiffs notice of their right to request reproductions with the explanations of its findings, as required by 15 U.S.C. § 1693f(d);

f. Making and processing, permitting, continuing to make and process electronic fund transfers to and from Plaintiffs' account without authorization, in violation of 15 U.S.C. § 1693g(a);

g. Failing to recredit Plaintiffs' accounts for the amount of the unauthorized transfers in excess of the $50.00 statutory liability limit, as required by 15 U.S.C. § 1693g(a); and

h. Unlawfully, recklessly, negligently, and/or willfully denying Plaintiffs the protections set forth in Regulation E including, but not limited to, the limitations on consumer liability set forth in 12 C.F.R. § 205.6.

29. Pursuant to 15 U.S.C. § 1693g, Plaintiffs' maximum liability for the fraudulent activity described herein is $50.00.

30. The conduct and omissions of Defendant – in violation of 15 U.S.C. § 1693 *et seq*. and its regulatory counterpart – was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiffs that are outlined more fully above.

31. Accordingly, Defendant is liable to Plaintiffs for actual and statutory damages, along with Plaintiffs' reasonable attorney's fees and litigation costs incurred as a result of Defendant's EFTA violations, as well as such further relief as may be permitted by law, pursuant to 15 U.S.C. § 1693m(a). Moreover, Plaintiffs are further entitled to treble damages pursuant to 15 U.S.C. § 1693f(e), in an amount to be determined by the trier of fact.

## **<u>SECOND CAUSE OF ACTION</u>**

VIOLATION OF NY COMMERCIAL CODE SECTION 4A-202

32. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

33. Defendant violated NY Commercial Code Section 4A-202 when it sent the subject unauthorized transfers from Plaintiff Trincy Joy's account without her consent.

34. Defendant violated Section 4A-202 when it failed to use commercially reasonable procedures to prevent unauthorized transfers from Plaintiffs' account. Defendant's procedures were commercially unreasonable in the following ways:

a. Defendant's own systems flagged both source accounts for potential compromise on October 27, 2025 and October 28, 2025, yet Defendant continued to process outgoing wire transfers and an unauthorized $60,000 inter-account transfer relating those same accounts thereafter;

b. Defendant permitted eleven wire transfers, each structured just under $20,000, to the same beneficiary bank within a fifteen-day window;

c. Defendant failed to detect or verify a change to the mailing address on file; and

d. Defendant processed a final wire transfer even after Plaintiffs reported the fraud in person.

35. Defendant's violation caused Plaintiffs harm in the loss of hundreds of thousands of dollars from the accounts.

**WHEREFORE**, Plaintiffs pray for the Court to enter judgement against Defendant JP Morgan Chase Bank, N.A., awarding Plaintiffs the following relief:

A. Actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1693m(a)(1);

B. Statutory damages in an amount no less than $100.00, pursuant to 15 U.S.C. § 1693m(a)(2);

C. The costs and disbursements of this action, including interest and Plaintiffs' reasonable attorney's fees incurred in pursuing this action, pursuant to 15 U.S.C. § 1693m(a)(3);

D. Treble damages, pursuant to 15 U.S.C. § 1693f(e), in an amount to be determined at trial in accordance with 15 U.S.C. § 1693m(b);

E. Actual damages for the violation of NY Commercial Code Section 4A-202; and

F. Such other and further legal and equitable relief as this Court may deem just and proper.

Dated: July 27, 2026

Respectfully Submitted,

Kevin C. Mallon
550 Kinderkamack Road, Suite 117
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiffs*